JOHN S. McCULLOCH v. WILLIAM C. TWITTY.

Where a defendant, sued on a promissory note, given in consideration of the services of deputy-surveyors, in making certain surveys, pleads a failure of consideration; and among other matters, that the payees were bound to make out a connected map of the surveys, showing their connection with established surveys, which they wholly failed to do, by which he was deprived of the benefit of them; notwithstanding such map may not have been made, and was not returned into the general land office until the land was re-located by others, a verdict in favor of the plaintiff, on said plea, is correct; because it was not shown that they so failed, within a reasonable time to

McCulloch v. Twitty.

perform the work, and that by such failure, the defendant lost an opportunity to re-locate. (In this case the surveys were invalid, having been made by deputy-surveyors beyond the limits of their territory.)

If a surveyor should survey land, pointed out to him by the owner of a certificate, both parties believing the land to be in his district, the fact that it is afterwards found not to be, will not deprive him of a just compensation.

APPEAL from Ellis. Tried below before the Hon. E. W. Vontress. Suit by appellee against the appellant, on a promissory note, payable to Howeth and Twitty, or bearer. Suit filed April 4th, 1856. Defence set up, failure of consideration, as stated in the opinion.

On the trial, it was proven that the defendant, in the month of July, 1854, made a contract with Howeth and Twitty (through John Williams, acting for him,) to survey for him, (McCulloch,) thirty-one sections of land in Cook Land District; that he was to give twelve dollars per section for surveying; that the note sued on was given by McCulloch, as part of consideration for said surveying; and that Howeth and Twitty were the deputy-surveyors of Cook Land District. Williams proved, that he pointed out on the map the lands he wanted, which afterwards turned out to be in the Denton Land District. It was proven by Stephen Crosby, Commissioner of the General Land Office, that the thirty-one sections of land were surveyed by deputy-surveyors William Howeth and William C. Twitty, the field notes thereof filed in the General Land Office, by John S. McCulloch, and that they were located in Denton Land District. Also, that they were not recognized at the General Land Office, because the surveys purported to be in Cook Land District, when they were in fact in Denton Land District. Patents were therefore refused; error in the surveys having been made by the deputy-surveyors of Cook Land District, when they were in fact surveyed in Denton District. A connected sketch was furnished the General Land Office, but not until after the land was re-located by the surveyors of Denton District. The surveys were abandoned by the defendant, after the same had been re-located by other parties in Denton District, who filed their protests against patents

being issued to the defendant, on the thirty-one sections, as surveyed by Howeth and Twitty.

A letter from the defendant, dated October 26th, 1856, was read in evidence by the plaintiff. The purport of the letter, was an inquiry made by the plaintiff, to know on what terms he was willing to compromise his claim against him for said surveying, by a reduction of price, and an extension of time for payment; wherein is contained the following language : "I think you will "certainly offer me liberal terms, in time to pay, and in reduc- "tion of price, as the locations were made by me, believing that "they were in the Cook District."

There was other testimony, by a witness who has not been named, and whose veracity was impeached, tending to prove the fact, that when the said surveying was done, the survey-ors of Cook Land District were considered the legal officers to do it, from the fact that no transcript had then been sent up from the Cook district to the new district of Denton ; and that the defendant, after examining the statutes and laws in regard to creating the two land districts, said he was satisfied the sur-veyors of Cook county, were the proper officers to do the said surveying ; that he had examined the office in Denton, and should have the surveying done by the surveyors of Cook ; that he agreed to pay Howeth and Twitty, and went with them to do the surveying ; received the field notes, and afterwards gave his note for the payment of the same.

There was a verdict and judgment in favor of the plaintiff, for the amount of the note, interest and costs. Motion by de-fendant for a new trial, on the ground that the verdict of the jury was contrary to the law and evidence. Overruled. The remaining facts of the case appear from the opinion.

*John W. Berry*, for appellant. The appellant contends that this case should be reversed, because,

1st. The verdict of the jury was contrary to law. The con-sideration for which the note was given, was work and labor done by appellee, as deputy-surveyor of Cook Land District.

The work was done by appellee, being the surveying of thirty-one sections of land, but in such a manner as to be of no benefit to appellant; the land surveyed proving to be in Denton Land District, where appellee had no right to survey; and the connecting sketches of the said thirty-one sections were not furnished the General Land Office until after said lands were re-located, as will be seen by reference to the evidence of Commissioner Crosby. The law implies, in all cases where work is contracted to be done, an obligation that it shall be so executed as to answer the object designed. (Davidson v. Edgar, 5 Tex. Rep. 492; Chitty on Contracts, p. 541, 585.)

The Supreme Court, in the case of Davidson v. Edgar, say, that "if it had been in proof, that the work entirely failed in "what it was designed for, the jury ought to have found a ver-"dict for defendant." (5 Tex. Rep. 492.) In this case, it was in proof that the work entirely failed. But it will, no doubt, be contended, that the lands surveyed were pointed out by appellant: admitting this to be so, does that exonerate appellee? Certainly not. He was a sworn officer of the law, and the law supposes every officer to understand his duty; every surveyor to know the limits of his own county or district. If then, a stranger in the country, wishing to locate certificates, makes his selections, to whom will he go for information in relation to them? To the county or district surveyor, of course. He shows the surveyor his selections; the officer knows, or at least ought to know, whether or not, it is within his jurisdiction. If he does the surveying, knowing he has no authority to do it, and knowing, too, that it will be of no benefit to the person applying; he is guilty of a fraud upon that person, and the courts of our country certainly will not assist him in carrying it out. If, upon the other hand, he does it through ignorance, not knowing his duty better, this court would never say, that the innocent stranger should pay for the ignorance or negligence of the officer. This would be the effect of the affirmance of this judgment. It would make every person in the State, except the surveyor, know the limits of each land district, when in fact the surveyor is elected and

paid to know these facts. The appellant therefore contends, that the verdict in this case was contrary to law.

2d. It is contended for appellant, that the verdict was contrary to the evidence. It will be seen, by reference to the transcript in this case, (pages 12 and 13,) that it was proven upon the trial, in the court below, by John G. Williams, a witness for appellant, that he engaged appellee to do the surveying, for which the note sued upon was given, he acting as agent for appellant; and as a matter of course, it was supposed it would be done where he had jurisdiction. If the lands selected by appellant, or his agent, were in Denton Land District, over which they, the surveyors of Cook, had no control, it was a fact within the knowledge of the surveyors, and their not making it known to appellant or his agent, but keeping it locked up within their own breasts, and going on to do the surveying in the Denton District, and making their returns as though it was in Cook, knowing it would be of no benefit to appellant, will deprive them of the right to recover on the note given for that surveying. To adopt any other rule would be iniquitous and unjust, and would work a hardship which the courts of our country certainly will not approve. Appellant therefore thinks, that the verdict of the jury was contrary to the evidence, as well as to the law, and that the court below erred in refusing him a new trial; for all which, he asks this court to reverse the judgment, and remand the case for a new trial.

*J. W. Ferris*, for appellee. The plaintiff is seeking a reversal of the judgment, upon the ground that the verdict is contrary to law and evidence.

It will be perceived, that at the time the surveying was done, it was a subject of discussion and doubt, to which land district, Cook or Denton, the territory which McCulloch wished to locate, belonged; and whether the surveyors of Cook, or Denton Land District, were the proper officers to do the work. Of this McCulloch was fully advised, and he took it upon himself to

investigate the matter.    He went to the Land Office of Denton
—he examined the law—he came back to Cook, and employed
the surveyors of that district to do his work.    He accompanied
them in the surveying, in July—the field notes were made out
and forwarded to him—and in October, after due reflection, he
executed the note in suit.    Afterwards, the Commissioner of the
General Land Office decided the territory to be in Denton Land
District, and rejected his field notes; and he now refuses to pay
the surveyor for two months' hard work, on an exposed frontier,
which was done on his responsibility, his judgment, and at
his request.    Disregarding the evidence of the impeached wit-
ness, it appears from the evidence of Williams, that McCulloch
made his own locations, and engaged the surveyors to do the
work; and in his letter to defendant in error he says, "the loca-
"tions *were made by me*, believing they were in the *Cook District*,
&c."    There is no evidence of fraud, and we submit that a full
and valuable consideration has been fully proven.

*J. W. Ferris*, in reply.    In reply to the appellant's argument,
we have to say, that his position might be correct, if the evidence
showed that McCulloch relied upon the judgment of the survey-
ors in making his locations and surveys; but the evidence clearly
proves the contrary—proves that McCulloch took the risk and
acted for himself, with full knowledge of the doubtful construc-
tion of the law.    To hold a surveyor responsible for the legality of
every survey he makes, and to make his fees depend upon the
decision of the Supreme Court on questions of title—in cases, too,
where he refuses to act on his own responsibility—cannot be
entertained as the law.    And that, in effect, is claimed by appel-
lant.

The Denton Land District was created by law out of the
Cook Land District.    And the question was, when should the
surveyors of Cook Land district cease making surveys in the
territory cut off into the new district of Denton?    Should they
cease when the surveyor of Denton was elected and quali-
fied, or should they continue work until the maps and records

of the new district were obtained, as required by the law ? Was the new surveyor of Denton district, or the old surveyor of Cook district, the proper officer to do the work before the new district had obtained its maps and records ? It was a question of law. Appellant examined the question, and upon his own judgment, procured the Cook surveyors to do his work, and he made his own locations in the old Cook district, believing the new district had not taken effect; and when the Commissioner of the General Land Office refused to receive the work, he could blame no one but himself; and in his letter in evidence, he blames no one, but asks indulgence on account of its operating hard on him.

ROBERTS, J. The plea of failure of consideration states that the note was given for the making of thirty-one surveys in the Cook Land district by deputy-surveyors. The grounds of defence therein set up, are (1st.) that the surveys were made by them in the Denton land district, contrary to their duty, and against his (appellant's,) expressed wishes, by which any benefit from their services was entirely lost. And (2nd) that they were bound to make out a connected map of the surveys, showing their connection with established surveys, which they wholly failed to do, by which he was deprived of the benefit of them.

The evidence does not support either one of the grounds of defence. Williams' testimony and McCulloch's letter show that the locality for making the surveys was pointed out by McCulloch's agent, and that McCulloch then believed that it was in the Cook land district ; and there is no evidence that the deputy-surveyors knew that it was not in the Cook district, nor is it even alleged that they then knew it.

The evidence of Crosby shows that the map of the surveys was returned into the General Land Office, but not until the land was re-located by the surveyors of the Denton district. It is not shown, that they failed to furnish a map of the surveys in a reasonable time, and that by such failure he lost an opportunity to re-locate the land himself, in the proper district. The surveyors of the Denton district, for all that appears, may have

re-located the land, and filed protests in the General Land
Office so soon, that it was impracticable to furnish a map of the
work before their re-locations were made.

Leaving out of view entirely the evidence of the witness
whose character for veracity was impeached, the verdict is amply
supported by the evidence.

If a surveyor should survey land, pointed out to him by the
owner of a certificate, both parties believing the land to be in
his district, the fact that it is afterwards found not to be, should
not deprive him of a just compensation for his services.   Judg-
ment is affirmed.

Judgment affirmed.